IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KIMBERLY JACKSON-BAGLEY and DARRYL BAGLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:13-cv-00111-NKL |
| CENTRAL TRANSPORT INC., AMERICAN GENERAL ANNUITY SERVICE CORP., and AMERICAN GENERAL LIFE INSURANCE CO., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set forth below, the Court strikes Plaintiffs' service of their Summons and Complaint on Defendants. The service was improper under Federal Rule of Civil Procedure 4. Plaintiffs must file proof of service consistent with Federal Rule of Civil Procedure 4 on or before May 14, 2014. If Plaintiffs fail to comply with this Order, the Court will dismiss this case without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 4(m).

**I.    Background**

Plaintiffs filed their Complaint against Central Transport Inc., American General Annuity Service Corp., and American General Life Insurance Co. on December 30, 2013. On February 12, 2014, the Court entered an Order on Pretrial Procedures, [Doc. 9], ordering Plaintiffs to serve all Defendants within forty days of the date of the Order. Plaintiffs submitted Proof of Service within that forty day deadline on March 21, 2014.

1

[Docs. 12-14].  Plaintiffs' Proof of Service was filled out by Plaintiffs and indicates Plaintiffs attempted to serve the Defendants by USPS Certified Mail.  The summons Plaintiffs attempted to serve on each Defendant was not signed by the Clerk of Court.

On March 28, 2014, the Court entered an Order requiring Plaintiffs to show cause by April 11, 2014, as to why their Complaint should not be dismissed for failure to properly serve the Defendants.  [Doc. 17].  The Court explained that service via Certified Mail is not proper service and that Plaintiffs were required to follow both the Local Rules and the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 4.  [Doc. 17].  On April 8, 2014, Plaintiffs filed their response to the Court's Order to Show Cause and argued that service by Certified Mail was proper under Federal Rule of Civil Procedure 4(h). [Doc. 18].

## II.     Discussion

Federal Rule of Civil Procedure 4 governs how service of process is properly executed on a defendant.  In general, a summons must be served with a copy of the complaint.  Fed. R. Civ. Pro. 4(c)(1).  A summons must be signed by the clerk.  *Id.* at Rule 4(a)(1)(F).  Rule 4(h) governs service of a corporation.  Rule 4(h) provides that unless a corporation has waived service, a domestic corporation must be served:

> (1)(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (1)(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]

Plaintiffs' service of the summons and Complaint on Defendants is improper

2

under Rule 4. First, copies of the summons provided by Plaintiffs as proof of service do not contain the Clerk of Court's signature. Second, Defendants have not waived service (and there is no indication Plaintiffs have requested that Defendants waive service), and Plaintiffs' service is not proper under Rule 4(h). Plaintiffs' service via Certified Mail does not comply with Rule 4(h)(1)(B), which requires personal service on an officer, managing or general agent, or any other agent authorized by law to receive service. Plaintiffs argue Rule 4(h) allows service by mail, however, Rule 4(h)(1)(B) states that proper service is made by "delivering a copy of the summons and of the complaint . . . *and* – if the agent is one authorized by statute and the statute so requires – by *also* mailing a copy of each to the defendant[.]" (emphasis added). Rule 4(h)(1)(B) does not allow for service by mail alone.

Plaintiffs' service is also improper under Rule 4(h)(1)(A) which allows service as prescribed by Rule 4(e)(1). Rule 4(e)(1) states that "an individual . . . may be served . . . by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" The Court is located in the State of Missouri. Missouri Supreme Court Rule 54.16 allows service by first class mail if certain conditions are met. However, Plaintiffs have not demonstrated their service via Certified Mail complied with the requirements in Missouri Supreme Court Rule 54.16. For instance, Plaintiffs have not indicated whether they sent two copies of a Notice and Acknowledgement form to Defendants or whether Defendants returned the Notice of Acknowledgment forms. As to the states where service is made, it appears from Plaintiffs' Complaint and their attempts at service that

Defendants may be served in Texas, Michigan, and New York. However, Plaintiffs' have not demonstrated compliance with the service rules of any of these states. *See* Tex. R. Civ. Pro. 103, 106; Mich. R. Civ. Pro. 2.105; NY CPLR § 308. Therefore, Plaintiffs' service is not proper under either Federal Rule of Civil Procedure 4(h)(1)(A) or 4(h)(1)(B).

### III. Conclusion

Plaintiffs' service of their Complaint and Summons is not proper under Federal Rule of Civil Procedure 4, and therefore, the Court strikes the service. Plaintiffs must file proof of service consistent with Federal Rule of Civil Procedure 4 on or before May 14, 2014. If Plaintiffs fail to comply with this Order, the Court will dismiss this case without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 4(m).

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 28, 2014
Jefferson City, Missouri